IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL ROYBAL

      Petitioner,

v.                                                    Civ. 14-1149 MV/SCY

JEFF WRIGLEY, Warden,
and GARY K. KING, New Mexico
Attorney General,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1*. I find that Petitioner's claims are time-barred, and I recommend dismissing the Petition with prejudice.

**I.**      **BACKGROUND**

On August 24, 2009, Petitioner Daniel Roybal pled guilty to nine counts of third degree embezzlement and eight counts of third degree forgery. *Doc. 7*, Ex. A. Pursuant to that plea, on October 28, 2009, Judge Ross Sanchez of the Second Judicial District of New Mexico ("State District Court") sentenced him to fifty years, less time served, and two years of parole. *Id.* Petitioner did not file a direct appeal from this sentence. *Id.*, Ex. T. Instead, on February 23, 2012, he filed a motion for reduction of sentence, which the State District Court denied on the same day. *Id.*, Exs. C, D. On July 19, 2012, Petitioner then filed a habeas petition with the State District Court, bringing claims for ineffective assistance of counsel, coercion by law enforcement, insufficient evidence to support the conspiracy charge, and that the state trial court did not have jurisdiction to adjudicate his crimes. The State District Court denied this petition

on July 24, 2012. *Id.*, Exs. E, F.  Petitioner appealed that denial to the New Mexico Supreme Court on August 20, 2012.  *Id.*, Ex. I. The New Mexico Supreme Court granted Petitioner's appeal only as to the issue of jurisdiction, and ordered the State District Court to conduct an evidentiary hearing on the issue. *Id.*, Ex. L.  In the following State District Court proceedings, Petitioner conceded that the state court had jurisdiction, but raised a new ground of ineffective assistance of counsel; the State District Court denied this new claim on August 27, 2014.  *Id.*, Ex. Q.  On September 16, 2014, Petitioner sought writ for this decision from the New Mexico Supreme Court, which denied the writ on November 20, 2014.  *Id.* Exs. R, S.

Petitioner filed the instant Petition on December 22, 2014.

## II.     PETITIONER'S CLAIMS

Petitioner raises the following four grounds for relief in the instant Petition:

1. Ineffective assistance of counsel at trial (*doc. 1* at 18)[1]:
2. Involuntary confession (*id.*);
3. Insufficient evidence to maintain the conspiracy charges against him (*id.*);
4. Jurisdiction of the trial court to adjudicate his crime (*id.*).

Respondent argues first that this Petition should be dismissed because it is time-barred and not tolled by any applicable doctrine.  *Doc. 7* at 1.

## III.    ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Normally, this time period begins to run once the judgment of the petitioner becomes final. Here, the trial court entered judgment on October

---

[1] The page numbers cited by the Court are the same as those reflected on CM/ECF.

28, 2009. Petitioner had thirty days after that date to file his notice of appeal. NMSA 1978 § 39-3-3(A) (setting a 30–day limitation period for a criminal defendant to appeal, running from the entry of judgment).  Petitioner failed to file a direct appeal, and therefore, his judgment became final on November 27, 2009. *See* 28 U.S.C. § 2244(d)(1)(A) (a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner filed his federal habeas petition in December 2014, over five years later. Thus, in the absence of statutory or equitable tolling, Petitioner's federal habeas petition must be considered time-barred.

    A.    **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(1), the date the statute of limitations begins to run will be delayed if: (1) unconstitutional or otherwise federally prohibited state action prevents petitioner from filing a habeas petition, (2) the Supreme Court recognizes a new constitutional right that is retroactively applicable to petitioner's case on collateral review, or (3) petitioner is unable to discover the factual predicate of the claims presented until after judgment becomes final, despite the exercise of due diligence.  Petitioner asserts that his Petition should be treated as timely under the third ground, because "new evidence arose in the amended petition through [court-appointed] counsel." *Doc. 1* at 13.

Petitioner's argument with regard to statutory tolling appears to be that he had previously been unable to discover the factual predicate of Ground One of his Petition, namely that his trial counsel was constitutionally ineffective when he informed Petitioner that Petitioner's exposure to incarceration was (according to Petitioner's calculations) 1491 years, rather than over 2000 years. *Id.* at 4-5.  If this is, in fact, the new evidence to which Petitioner cites, he provides no detail as to the date on which he became aware of this information or his efforts to discover this information with any type of diligence.  Further, the fact that Petitioner failed to pursue habeas

review until 2012 indicates a distinct lack of diligence in the absence of any explanation or mitigating factors.[2] *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)(placing the burden on the petitioner to "provide[ ] ... specificity regarding. . .the steps he took to diligently pursue his federal claims"). Petitioner therefore fails to state a basis for statutory tolling.

    **B.**    **Equitable Tolling**

A petitioner is entitled to equitable tolling if he can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance" impeded his ability to file a timely petition. *Pace*, 544 U.S. at 418. This burden is a heavy one; "a garden variety claim of excusable neglect is not enough." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). Petitioner has, as discussed above, failed to demonstrate the requisite diligence in pursuit of his federal habeas claims. Further, he makes no showing in his Petition of any extraordinary circumstances that would have prevented him from filing his Petition in a timely manner. I can therefore find no basis for equitably tolling Petitioner's statute of limitations.

**IV.**    **CONCLUSION**

For the forgoing reasons, I have found that all of Petitioner's grounds for relief are time-barred and should be dismissed with prejudice.

    /s/ Steven C. Yarbrough
    STEVEN C. YARBROUGH
    UNITED STATES MAGISTRATE JUDGE

---

[2] While 28 U.S.C. § 2244(d)(2) suspends the one-year statute of limitations during the pendency of any properly filed state action for post-conviction relief, it does not toll the statute of limitations during the time preceding such a state filing. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Thus, Petitioner's claim cannot be made timely under §2244(d)(2).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**